**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2960-18

PRISCILLA PAJELA,

    Plaintiff-Respondent,

v.

DONELL L. PRINCE,

    Defendant-Appellant.

_____

Submitted December 14, 2020 – Decided February 25, 2021

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. LT-006572-18.

Donell L. Prince, appellant pro se.

Victoria M. Brown, attorney for respondent.

PER CURIAM

In this landlord-tenant action, defendant appeals from the dismissal of his request for a Marini[1] hearing and several subsequent orders. Although the court erred in the issuance of a judgment of possession in favor of plaintiff and a subsequent warrant of removal, the court later vacated the orders upon being apprised of the mistake. Therefore, that issue is moot. As we discern no error in the dismissal of the Marini request, we affirm.

On September 6, 2018, plaintiff, defendant's landlord, filed a complaint for non-payment of rent against defendant in the amount of $884.[2] When the parties appeared in court on September 26, defendant did not dispute that he owed $884 in unpaid rent, but he disagreed with plaintiff's calculation of late fees. Defendant also requested a Marini hearing. The judge stated he would grant the request provided defendant deposited $884 into court by the end of the day.[3] The judge also instructed defendant to provide plaintiff with a list of requested repairs no later than October 1, 2018.

On October 25, 2018, defendant appeared before the court for the Marini hearing; plaintiff did not appear. The judge asked defendant about the status of

---

[1] Marini v. Ireland, 56 N.J. 130 (1970).

[2] Defendant owed $684 for September's rent and $200 for August.

[3] Defendant made the required payment.

A-2960-18

a related Law Division action in which defendant challenged the habitability of the premises in a suit brought against plaintiff. When defendant informed the court the Law Division action was on appeal, the judge advised he could not proceed with the <u>Marini</u> hearing until the appeal was completed as it involved the same claims. The judge stated:

> THE COURT: I can't do anything until the appeal is over. You'll have to just keep paying your rent.
>
> . . . .
>
> THE COURT: When the appeal is over, you can come back here, you'll withhold your rent, and we'll start all over again. All right? Thank you.

The request for the <u>Marini</u> hearing was dismissed.

However, on that same day, the court entered a judgment of possession in favor of plaintiff. On November 8, 2018, the court entered an order permitting plaintiff to receive the $1568 of disputed rent defendant had deposited with the court.[4] The next day, plaintiff requested a warrant of removal which the court issued on November 16, 2018. An eviction was scheduled for December 5, 2018.

---

[4] In addition to the $884 for the months of August and September, defendant had deposited $684 for October.

A-2960-18

On December 4, 2018, defendant appeared before the court and alerted it of the mistake. He informed the court that his rent was paid through October and he had the November rent with him. The judge told defendant he would dismiss the judgment of possession and warrant of removal if defendant paid the November rent into the court by 4:30 p.m. that day. Defendant made the required payment. The orders were vacated, and the court dismissed the case.

On appeal, defendant contends the court erred in dismissing his request for a Marini hearing and in conditioning the vacating of the judgment of possession and warrant of removal on the payment of the monthly rent. We review the court's decisions for an abuse of discretion. In re Estate of Hope, 390 N.J. Super. 533, 541 (App. Div. 2007).

In addressing the first argument, our court rules require that from the time "an appeal is taken," apart from certain exceptions which do not pertain to this case, "the supervision and control of the proceedings on appeal . . . shall be in the appellate court." R. 2:9-1(a). Further applications in the trial court to modify the judgment may only occur with leave of the appellate court. Ibid.; see also Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 376 (1995).

A-2960-18

Here, defendant requested a <u>Marini</u> hearing while a separate Law Division action, which involved related claims about the habitability of the premises, was pending on appeal.[5] It was therefore proper for the trial court to dismiss the hearing request pending the resolution of the appeal in the other case.

The remaining arguments are moot. The judgment of possession and warrant of removal were vacated. Because the orders were mistakenly issued, it was error to condition their dismissal upon the payment of rent. However, the error was inconsequential because defendant has not demonstrated he suffered any damage. He was only required to pay the rent that was due. There were no late fees or costs assessed. The orders were vacated and plaintiff's suit for non-payment was dismissed. Therefore, defendant received the relief he requested in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] We recently issued our opinion in that appeal. <u>See</u> <u>Prince v. City of Englewood</u>, No. A-2959-18 (App. Div. Dec. 14, 2020).

A-2960-18